# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2010

No. 09-50962
Summary Calendar

Lyle W. Cayce
Clerk

EDWARD D. SMITH

Plaintiff-Appellant

v.

PETE NATAL, Administrator; TAMMY KERRES; KRISTI JAEGER, LVN;
JUDY LAWRENCE, RN; JENNIFER TORRES; NELL BLACK, LVN;
RACHEL ANNABLE; CRISTAL MARTINEZ, CNA; ALISHA MEEKS;
SKILLED HEALTH CARE GROUP; OAKLAND MANOR NURSING

Defendants-Appellees

Appeal from the United States District Court for the
Western District of Texas, Austin
USDC No. 1:09-CV-342

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Edward Smith ("Smith"), a resident of Oakland Manor Nursing Home,
filed a *pro se* suit against the nursing home and a number of employees of the
nursing home for substandard care. The district court gave the *pro se* plaintiff's
petition a liberal interpretation and considered whether he had stated a cause

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No.  09-50962

of action under 42 U.S.C. § 1983 and any of the anti-discrimination statutes and concluded that he had not.  The district court concluded that the complaint sought recovery from non-government entities and that he had not stated a cause of action under § 1983.  The district court also found no plausible discrimination claim alleged under the various anti-discrimination statutes. Finding that he had stated no federal claim, the district court declined to exercise supplemental jurisdiction over the state claims.

On appeal, Smith simply repeats his earlier arguments about how he was mistreated in the nursing home.  He makes no legal argument expressing how the district court erred in dismissing his claims.  Smith has offered no substantive argument or analysis as to how the district court erred.  A "naked assertion that the district court erred," is not enough to form an appeal that can be entertained by this court.  *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1528 (5th Cir. 1993) ("For an appellate court to perform its role requires at least a minimal reasoned attack.").  *See also  American States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998) ("Failure to provide any legal or factual analysis of an issue results in waiver"); *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  As such, Smith has raised no issue that can be noticed or entertained by this court on appeal.

Accordingly, for the reasons stated above, we affirm the decision of the district court.

AFFIRM.